# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANDREW BOOK, )
)
    Plaintiff, )
) Civil No. 08-121 Erie
v. )
)
MICHAEL E. DUNLAVEY, et. al., )
)
    Defendants. )
)

## MEMORANDUM ORDER

Before this Court for consideration is the plaintiff's Motion for Disqualification of Magistrate Judge Baxter. (Docket No. 21). For the following reasons, Plaintiff's motion is denied.

## BACKGROUND

The plaintiff, Andrew Book ("Plaintiff"), acting *pro se*, filed a Complaint against the defendants, Michael Dunlavey, in his capacity as Judge in the Court of Common Pleas of Erie County and Brenda Moski, individually and her capacity as Administrative Secretary for the Court of Common Pleas of Erie County. (Docket No. 1). The Complaint alleges, *inter alia*, that the defendants conspired with Judge John Bozza, in the Erie County Court of Common Pleas, to violate Constitutionally protected rights. (Docket No. 1 at ¶ 7). Plaintiff specifically avers that the defendants conspired with Judge Bozza and filed an Order filed on January 3, 2008 in the case filed at Case No. 13573-2007 in the Court of Common Pleas of Erie County, prohibiting Plaintiff from entering the Court Reporters office and requiring all

communications with said office to be in writing. (Attachment to Docket No. 1).
Plaintiff contends that the defendants filed said Order "at the direction and control
of the Court of Judge Bozza" ... "for the purpose of harassing and intimidating [sic]
Plaintiff into silence and passivity." (Docket No. 1 at ¶ 8). Plaintiff asserts that
defendants actions violated his rights under the Constitutions of the United States
and the Commonwealth of Pennsylvania. (Docket No. 1 at ¶¶ 24, 38). Plaintiff also
brings this action pursuant to 42 U.S.C. §§ 1983, 1981, 1985 and 1986. (Docket No.
1).

On June 12, 2008, defendant Brenda Moski filed a Motion to Dismiss
Plaintiff's Complaint. (Docket No. 13). Thereafter, defendant Michael Dunlavey filed
a Motion to Dismiss on June 23, 2008. (Docket No. 16). Plaintiff filed a response to
the defendants' motions on June 30, 2008. (Docket No. 19).

This case was initially assigned to District Judge McLaughlin, who recused
himself on August 27, 2008. (Docket No. 20). The case was referred to Magistrate
Judge Susan Baxter on May 1, 2008. (Docket No. 4). The case was reassigned to the
undersigned Judge on August 28, 2008. Plaintiff then filed the instant motion to
disqualify Magistrate Judge Baxter on September 5, 2008. (Docket No. 21).

Initially, Plaintiff asserts that Magistrate Judge Baxter "either obtained
authority to decide dispositive and non-dispositive motions or she assumed control
of the same in the above-captioned action." (Docket No. 21 at ¶ 2). Plaintiff seeks to
have Magistrate Baxter removed from the proceedings based on her prior position
as Court Solicitor in the Court of Common Pleas of Erie County. (Docket No. 21 at ¶
4-5). Specifically, Plaintiff contends that, in her position as Court Solicitor from

1992 to 1994, Magistrate Judge Baxter provided law clerk functions to Judge Bozza and that said relationship "creates ... the appearance of impropriety and bias in the present case." (Docket No. 21 at ¶¶ 3-5).

Furthermore, Plaintiff argues in the instant motion that Magistrate Judge Baxter should be disqualified insofar as she has yet to rule on the defendants' Motion to Dismisss, filed on June 12, 2008 and June 23, 2008, respectively. (Docket No. 21 at ¶ 10; *see* Docket No. 10). Plaintiff contends that "over two months have elapsed since [Plaintiff filed his response to the Motion to Dismiss] and the Magistrate Judge has taken no action with regard to the [Motion] ... Plaintiff believes and, therefore, avers that the Magistrate Judge's dilatory conduct is the result of her previous relationship with the Erie County Court of Common Pleas." (Docket No. 21 at ¶¶ 10, 12). As such, Plaintiff argues, he has and will continue to be prejudiced by Magistrate Judge Baxter presiding over the case, and urges this Court to disqualify her from further proceedings. (Docket No. 21 at ¶¶ 13).

## DISCUSSION

28 U.S.C. § 455. Disqualification of justice, judge, or magistrate judge provides in relevant part as follows:

- (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonable be questioned.

- (b) He shall also disqualify himself in the following circumstances:

    - (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such an association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Where he has served in governmental employment and in such capacity participated as counsel, advisor or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person with the third degree relationship to either of them, or the spouse of such a person:

    (i)    Is a party to the proceeding, or an officer, director, or trustee of a party's
    (ii)    Is acting as a lawyer in the proceeding;
    (iii)    Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
    (iv)    Is to the judge's knowledge likely to be a material witness in the proceeding.

...

The test for determining whether disqualification is appropriate under this section is whether "a reasonable person, with knowledge of all facts, would conclude that the judge's impartiality might reasonably be questioned." *In Re Kensington*, 368 F.3d 289 (3d Cir. 2004) (citing *Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155 (3d Cir. 1993)); *see also Selkridge v. United Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (citing *In re Prudential Ins. Co. of American Sales Practices Litigation*, 148 F.3d 283, 343 (3d Cir. 1998)). While the party seeking disqualification need not show actual bias on the part of the Magistrate Judge, the moving party must show objective facts that support the position, and may not rely on mere speculation." *Id.*

4

at 302; *U.S. v. Martorano*, 866 F.2d 62, 68 (holding, "under 28 U.S.C. § 455(a) [the movant] must rest on the kind of objective facts that a reasonable person would use to evaluate whether an appearance of impropriety had been created, not on 'possibilities' and unsubstantiated allegations.") Moreover, the movant must be able to demonstrate an extrajudicial factor warranting disqualification. *Selkridge*, F.3d at 167 (citations omitted).

In this case, the extrajudicial factor to which Plaintiff points is Judge Baxter's prior position as Court solicitor for the Court of Common Pleas of Erie County, from 1992 to 1995. (Attachment to Docket No. 21). Plaintiff offers no evidence, but only unsubstantiated assertions that "one of Magistrate Judge Baxter's *chief* responsibilities as Court Solicitor was to provide law clerk functions to then President Judge John Bozza." (Docket No. 21 at § 3) (emphasis added). While admittedly, Magistrate Judge Baxter's position as solicitor may have included work for Judge Bozza in some capacity, this is not enough to require disqualification under § 455. On the contrary, Magistrate Judge Baxter has not held the position of Court Solicitor for over thirteen years. Furthermore, she was not, in fact a law clerk to Judge Bozza, nor is there any other demonstration that Magistrate Judge Baxter has any type of relationship with Judge Bozza or any of the actual parties to this case that would lead a reasonable person to question her impartiality.

Nor has Plaintiff offered any actual demonstration of Magistrate Judge Baxter's bias from the record. *See U.S. v. Wecht*, 484 F.3d 194, 213 (3d Cir. 2007). Although Plaintiff contends that Magistrate Judge Baxter has failed to address the defendants' Motions to Dismiss, allegedly as a result of her impartiality, this Court

disagrees that said motions have not been timely addressed. Further, there is no showing that any of the actions taken by Magistrate Judge Baxter or her staff has been in any way improper. Nor have any representations been made to Plaintiff that show bias or impartiality. As such, this Court finds that there is no reason from either the actions of Magistrate Judge Baxter or her staff or from her former position as Court Solicitor in the Court of Common Pleas of Erie County to warrant disqualification under § 455.

Furthermore, the Court notes one final point. In his Motion to Disqualify, Plaintiff makes the following statement: "Magistrate Judge Susan P. Baxter either obtained authority to decide dispositive and non-dispositive motions or she assumed control of the same in the above-captioned action." (Docket No. 21 at ¶ 2). The Court notes, for Plaintiff's clarification, that Magistrate Judge Baxter had nothing to do with the assignment of this case. Rather, the District Court's clerk of courts assigned this case to the undersigned Judge and referred this case to Magistrate Judge Baxter. She has handled the case assigned to her properly.

For the foregoing reasons, Plaintiff's "Motion for Disqualification of Magistrate Judge" be and hereby is DENIED.

October 6, 2008
Date

Maurice B. Cohill, Jr.
Senior United States District Judge

cc: parties of record.