**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANDREW BOOK, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **C.A. No. 08-121 Erie** |
| | ) | **District Judge Cohill** |
| MICHAEL DUNLAVEY, et al., | ) | **Chief Magistrate Judge Baxter** |
| Defendants. | ) | |


**MAGISTRATE JUDGE'S**

**REPORT AND RECOMMENDATION**


## I.     RECOMMENDATION

It is  respectfully recommended that the motion to dismiss filed by Defendant Moski [document # 13] be granted.

It is  respectfully recommended that the motion to dismiss filed by Defendant Dunlavey [document # 16] be granted.

The Clerk of Courts should be directed to close this case.


## II.     REPORT

### _____A.     Relevant Factual and Procedural History

On April 25, 2008, Plaintiff Andrew Book, filed this *pro se* action, raising civil rights claims.  Named as Defendants in the complaint were: Michael E. Dunlavey, Judge of the Erie County Court of Common Pleas and Brenda Moski, Administrative Secretary for the Court of Common Pleas. Plaintiff's complaint alleges that the acts of Defendants violated his rights under 42 U.S.C.A. §§ 1983, 1981, 1985, and 1986, as well as his First and Fourteenth Amendment rights under the Constitution of the United States and corresponding provisions of the Constitution of the Commonwealth of Pennsylvania.   As relief, Plaintiff seeks monetary damages.

Defendants are represented separately and have each filed a motion to dismiss [documents ## 13 and 16] and Plaintiff has filed a Brief in Opposition to the pending dispositive motions [document # 19]. The issues are fully briefed and are ripe for disposition by this Court.

## B. Standards of Review

### 1. *Pro se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### 2. Motion to dismiss pursuant to 12(b)(6)

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded

allegations of the complaint must be accepted as true. <u>Erickson v. Pardus</u>, 551 U.S. 89, ___ 127 S.Ct. 2197, 2200 (2007); <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989); <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. <u>Neitzke</u>; <u>Scheuer v. Rhodes</u>, 419 U.S. 232 (1974). As the United States Supreme Court recently held in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." <u>Id</u>. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. <u>Angelastro v. Prudential-Bache Securities, Inc.</u>, 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. <u>See</u> <u>California Pub. Employee Ret. Sys. v. The Chubb Corp.</u>, 394 F.3d 126, 143 (3d Cir. 2004) <u>citing</u> <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. <u>Twombly</u>, 550 U.S. at ___, 127 S. Ct. at 1965, <u>citing</u> <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at ___, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." <u>Id</u>. at ___, 1974.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." <u>Smith v. Sullivan</u>, 2008 WL 482469, at *1 (D.Del. February 22, 2008) <u>quoting</u> <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 231 (3d Cir. 2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." <u>Phillips</u>, 515 F.3d at 232, <u>quoting</u> <u>Twombly</u>, 550 U.S. at ___, 127 S.Ct. at 1965 n.3.

### C.    The Allegations against Defendant Dunlavey

Plaintiff alleges that around January 1, 2008, Defendant Judge Dunlavey conferred with non-defendant Judge Bozza in order to conceal acts "of corruption and impropriety perpetuated by the court" in a civil action (number 13573-07 of the Court of Common Pleas of Erie County). Document # 1, Complaint, ¶ 7.  Plaintiff alleges that Judge Bozza asked Defendant Dunlavey to suppress and conceal a "sanitization of a hearing transcript" regarding a December 2007 hearing. Id.  Plaintiff claims generally that Defendant Dunlavey "illegally suppressed, hindered and obstructed" Plaintiff's investigation into the corrupt practices of the Court of Common Pleas. Id.  Further, Defendant Dunlavey and Bozza colluded together to prevent Plaintiff from redressing grievances with the judiciary. Id.  On January 3, 2008, Defendant Dunlavey issued an order precluding Plaintiff from "pursuing a legitimate and lawful grievance against the Office of the Court Reporters of Erie County."  Id. at ¶ 8.  Further, Plaintiff complains that the order was not presented by Defendant Dunlavey in his judicial capacity as a presiding judge but was "presented for the purpose of protecting his friend and colleague, Judge Bozza, from exposure to criticism and possible disciplinary action [... and] was presented [...] for the purpose of harassing and intimidating said Plaintiff into silence and passivity."  Id.  Further, Plaintiff alleges that Defendant Dunlavey did not have authority to issue an order in the case because he was not assigned as a judge to that case. Id. at ¶ 9.

Defendant Dunlavey moves for the dismissal of the case against him based upon the doctrine of judicial immunity.  It is a well settled principle of law that judicial officers are immune from damage suits arising out of their official duties.  Stump v. Sparkman, 435 U.S. 349 (1978); Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000).  Judicial immunity is an "immunity from suit, not just from an ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991).  See also Seigert v. Gilley, 500 U.S. 226, 231 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."); In Re Montgomery County, 215 F.3d 367, 373 (3d Cir. 2000) ("Absolute immunity creates not only protection from liability, but also a right not to stand trial.").

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority...." <u>Sparkman,</u> 435 U.S. at 356. Judicial immunity may be overcome only when: (i) the challenged actions were not taken in the judge's judicial capacity; or (ii) the challenged actions, "though judicial in nature, were taken in the complete absence of all jurisdiction." <u>Mireles</u>, 502 U.S. at 11-12. Neither of these situations is found here.

First, Judge Dunlavey was acting in his judicial capacity at all times relevant to Plaintiff's claims. Although Plaintiff alleges "collusion" with Judge Bozza to hinder or obstruct Plaintiff's investigation of allegedly corrupt practices in the Erie County Court of Common Pleas, Plaintiff alleges no facts regarding exactly what Judge Dunlavey did to hinder or obstruct him, other than issuing the order of January 3, 2008 prohibiting his direct contact with the Court Reporter's office. So, then, it is the issuance of this order that must be a non-judicial act in order to defeat immunity here. The relevant inquiry revolves around "the nature and function of the action, not the act itself." <u>Mireles</u>, 502 U.S. at 13 <u>quoting</u> <u>Stump</u>, 435 at 362. Issuing an order of court is a judicial act by its very nature and function. Moreover, a judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive." <u>Forrester v. White</u>, 484 U.S. 219, 227 (1988). Immunity is not defeated by this exception to its application.

Second, Judge Dunlavey's order was not issued in the complete absence of all jurisdiction. Plaintiff's claim in this regard is that since Judge Dunlavey was not assigned to his case, he had no jurisdiction to issue the order of January 3, 2008. This is incorrect as a matter of law. A distinction is made between acts "in the clear absence of all jurisdiction" and those merely in "excess of jurisdiction" with the latter still enjoying the protection of absolute immunity. <u>Gallas v. The Supreme Court of Pennsylvania</u>, 211 F.3d 760, 769 (3d Cir. 2000) ("[W]here jurisdiction over the subject matter is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case ..."). Here, the Courts of Common Pleas of the Commonwealth of Pennsylvania are courts of general

5

jurisdiction by statute. <u>See</u> 42 Pa.C.S.A. § 931(a). For this reason, Judge Dunlavey, as a judge of the court, has general jurisdiction over the subject matter of Plaintiff's case in the Erie Common Pleas Court. Whether he acted in excess of this jurisdiction is irrelevant to the question of absolute immunity.[1]

Therefore, the challenged actions of Defendant Dunlavey were taken in his judicial capacity and with jurisdiction so that judicial immunity attaches. Defendant Dunlavey's motion to dismiss should be granted.

### D. The Allegations against Defendant Moski

Plaintiff alleges that on January 7, 2008, Plaintiff went to the chambers of Defendant Dunlavey and spoke to Defendant Moski about "mini-motion court." Document # 3, Complaint, ¶ 11. Allegedly, Defendant Moski told Plaintiff that Dunlavey did not hold "mini-motion court" and that Plaintiff would not have access thereto. Then, Defendant Moski ordered Plaintiff to leave or face imprisonment. <u>Id.</u> Thereafter, from January through April 22, 2008, Plaintiff was denied the opportunity to use the "expedited means of disposition by 'mini-motion Court' within docket no. 13573-07." <u>Id.</u> at ¶12.

---

[1] In the <u>Gallas</u> case, the plaintiff made a similar contention that the judge who ordered the release of a PFA order was not assigned to the case, so should not enjoy judicial immunity because she acted without jurisdiction. The Third Circuit ruled otherwise:

> We recognize that Gallas contends that only the judge who actually presided over his domestic proceedings had the power to order a release of the PFA. But Gallas has not pointed to any rule or other authority indicating that Judge Sylvester did not have authority to issue a release order. Moreover, even if he did point to a rule that indicated that another judge should have entertained the application for release of the PFA, we would not hold that Judge Sylvester acted in the clear absence of all jurisdiction in issuing the order.

<u>Gallas</u>, 211 F.3d at 771. <u>See</u> <u>also</u> <u>Figueroa</u>, 208 F.3d 435 (municipal court judge had absolute immunity when she entered an order at least colorably within the jurisdiction of her court even though a court rule required another judge to act in the matter).

Further, Plaintiff alleges that he appeared in court as a spectator on March 12, 2008, where he was "immediately accosted by Defendant Moski' who "threatened and intimidated" him, using "racially derogatory language" towards him, and demanding that he leave. Id. at ¶13. When Plaintiff refused to leave, Defendant Moski contacted the Sheriff's office. Id. Next, Plaintiff explains that "upon arrival of a deputy sheriff, Plaintiff exited the courtroom to avoid a confrontation." Id.

Defendant Moski moves for the dismissal of the case against her based upon the doctrine of quasi-judicial immunity. Quasi-judicial officers, who act in accordance with their duties or at the direction of a judicial officer, are also immune from suit. See Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 772-73 (3d Cir. 2000) (court administrator entitled to immunity for release of information ordered by a judge); Lockhart v. Hoenstine, 411 F.2d 455, 460 (3d Cir. 1969) (holding that prothonotary, acting under court direction, was immune from suit). The doctrine of absolute quasi-judicial immunity has been applied to court support personnel due to "the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts." Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992). See also Johnson v. Kegans, 870 F.2d 992, 995 (5th Cir. 1989) ("Prosecutors and other necessary participants in the judicial process enjoy quasi-judicial immunity as well.").

Quasi-judicial absolute immunity is available to those individuals, such as Defendant Moski, who perform functions closely associated with the judicial process. Marcedes v. Barrett, 453 F.2d 391 (3d Cir. 1971) (holding that quasi-judicial immunity applied to clerk of courts, an administrative assistant to the president judge and a court reporter); Henig v. Odorioso, 385 F.2d 491, 494 (3d Cir. 1967) (holding that judiciary employees executing judicial orders are immune from suit); Washam v. Stesis, 2008 WL 2600310 (E.D. Pa. 2008) (applying quasi-judicial immunity to jury coordinator and support officer); Davis v. Philadelphia County, 195 F.Supp.2d 686 (E.D. Pa. 2002) (holding that quasi-judicial immunity applies to court staff, such as clerks of judicial records and court reporters).

The claim against Defendant Moski should be dismissed as she is entitled to the

protections of quasi-judicial immunity despite Plaintiff's allegations against her.  Her motion to dismiss should be granted in this regard.


**III.    CONCLUSION**

For the foregoing reasons, it is respectfully recommended that  that the motion to dismiss filed by Defendant Moski [document # 13] be granted.

It is  respectfully recommended that the motion to dismiss filed by Defendant Dunlavey [document # 16] be granted.  The Clerk of Courts should be directed to close this case.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Failure to timely file objections may constitute a waiver of appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).


                                                 Susan Paradise Baxter
                                                 SUSAN PARADISE BAXTER
                                                 Chief United States Magistrate Judge


Dated: February 26, 2009